**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1462
_____

WILLIAM STAPLES,

Appellant

v.

WARDEN SCHUYLKILL FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 13-cv-01991)
District Judge:  Honorable William J. Nealon, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 14, 2015
Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed November 2, 2015)

_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

William Staples appeals the District Court's order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. For the reasons below, we will affirm the District Court's order.

The procedural history of this case and the details of Staples's claims are well known to the parties, set forth in the District Court's thorough memorandum, and need not be discussed at length. Briefly, Staples, a federal prisoner, filed a § 2241 petition in which he challenged the loss of good time credits imposed for three disciplinary incidents. The District Court denied the petition, and Staples filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's denial of federal habeas relief de novo. Denny v. Schultz, 708 F.3d 140, 143 (3d Cir. 2013). A decision to revoke good time credits must be supported by some evidence. Superintendent v. Hill, 472 U.S. 445, 454 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56. Due process entitles prisoners to advance written notice of disciplinary charges and a written statement by the factfinder of the evidence relied upon and the reasons for the action taken. Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974). Prisoners may call witnesses and present evidence as long as it would not be hazardous to prison safety or correctional goals. Id. at 566.

The District Court set forth in detail the factual background and procedural history of the three disciplinary charges Staples is challenging and performed a thorough analysis of Staples's claims. We agree with the District Court that there was some evidence to support the hearing officers' decisions to revoke Staples's good time credits and Staples was not denied due process. The District Court did not err in denying Staples's § 2241 petition.

For the reasons above, as well as those set forth by the District Court, we will affirm the District Court's order.